UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| KRISTIE ALLEN, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF BRIAN ALLEN,<br><br>Plaintiff,<br><br>v.<br><br>AXEON SPECIALTY PRODUCTS, LLC; SULFIDE SYSTEMS, LLC; KEMPER INDUSTIRES, INC.; DRK CHEMICAL PRODUCTS COMPANY, INC.; AKZO NOBEL FUNCTIONAL CHEMICALS LLC; COLONIAL CHEMICAL SOLUTIONS, INC.; L&B TRANSPORT, LLC; YOUNG TRANSPORT, LLC; and QUALITY CARRIERS, INC.,<br><br>Defendants. | CIVIL ACTION NO.: 2:16-cv-02944-DCN<br><br>**L&B TRANSPORT, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>**(JURY TRIAL DEMANDED)** |

Defendant L&B Transport, LLC ("L&B" or "Defendant"), by and through undersigned counsel, hereby answers Plaintiff's Complaint as follows:

1. Each and every allegation of Plaintiff's Complaint not specifically admitted or modified below is hereby denied.

## AS TO FACTS OF THE CASE

2. Paragraphs 1 through 30 of Plaintiff's Complaint are denied.

## AS TO THE PARTIES, JURISDICTION, AND VENUE

3. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraphs 31 and 32 of Plaintiff's Complaint, and therefore, must deny same.

4. Paragraphs 33 through 38 of Plaintiff's Complaint do not contain allegations against this Defendant, and therefore, no response is required. To the extent factual allegations affecting this Defendant may be contained therein, they are denied.

5. Paragraph 39 of Plaintiff's Complaint is admitted only to the extent it alleges L&B is a foreign limited liability company. All remaining allegations of Paragraph 39 are denied.

6. Paragraphs 40 and 41 of Plaintiff's Complaint do not contain allegations against this Defendant, and therefore, no response is required. To the extent factual allegations affecting this Defendant may be contained therein, they are denied.

7. Paragraphs 42 and 43 of Plaintiff's Complaint contain conclusions of law to which no response is required. To the extent a response is required, Paragraphs 42 and 43 of Plaintiff's Complaint are denied.

## CONDITIONS PRECEDENT

8. Paragraph 44 of Plaintiff's Complaint is denied.

## CLAIMS FOR RELIEF

### AS TO THE FIRST CAUSE OF ACTION
**Products Liability: Strict Liability**
**(Against All Defendants)**

9. Defendant repeats and reiterates the responses contained in the above-paragraphs as if fully set fort herein in response to Paragraph 45 of Plaintiff's Complaint.

10. Paragraphs 46 through 59 of Plaintiff's Complaint are denied, including all subparts.

### AS TO THE SECOND CAUSE OF ACTION
### Gross Negligence and Negligence
### (Against Axeon Supply Defendants and Akzo Nobel Supply Defendants)

11.     Defendant repeats and reiterates the responses contained in the above-paragraphs as if fully set fort herein in response to Paragraph 60 of Plaintiff's Complaint.

12.     Paragraphs 61 through 73 of Plaintiff's Complaint are not directed at L&B and therefore, no response is required. To the extent allegations against L&B are contained therein, these paragraphs are denied, including all subparts.

### AS TO THE THIRD CAUSE OF ACTION
### Products Liability: Failure to Warn
### (Against All Axeon Supply and Akzo Nobel Supply Defendants)

13.     Defendant repeats and reiterates the responses contained in the above-paragraphs as if fully set fort herein in response to Paragraph 74 of Plaintiff's Complaint.

14.     Paragraphs 75 through 82 of Plaintiff's Complaint are not directed at L&B and therefore, no response is required. To the extent allegations against L&B are contained therein, these paragraphs are denied, including all subparts.

### AS TO THE FOURTH CAUSE OF ACTION
### Negligence
### (Against Defendants L&B, Young and Quality)

15.     Defendant repeats and reiterates the responses contained in the above-paragraphs as if fully set fort herein in response to Paragraph 83 of Plaintiff's Complaint.

16.     Paragraphs 84 through 91 of Plaintiff's Complaint are denied, including all subparts.

### AS TO THE REQUEST FOR PUNITIVE DAMAGES

17.     Defendant repeats and reiterates the responses contained in the above-paragraphs as if fully set fort herein in response to Paragraph 92 of Plaintiff's Complaint.

18.     Paragraphs 93 through 95 of Plaintiff's Complaint are denied.

## AS TO THE PRAYER FOR RELIEF

19.     Paragraph 96 of Plaintiff's Complaint, referred to herein as The Prayer for Relief and/or Wherefore Paragraph, is denied, including all subparts.

## FOR A FIRST AFFIRMATIVE DEFENSE
### (Unconstitutionality of Punitive Damages)

20.     The imposition of punitive or exemplary damages against the Defendant would violate its constitutional rights under the Due Process clauses in the Fifth and Fourteenth Amendments to the Constitution of the United States, the Excessive Fines clause in the Eighth Amendment to the Constitution of the United States, the Double Jeopardy clause in the Fifth Amendment to the Constitution of the United States, similar provisions in applicable State Constitutions, and/or the common law and public policies of pertinent States, and/or applicable statutes and court rules, in the circumstances of this litigation, including but not limited to:

   a.     imposition of such punitive damages by a jury which (1) is not provided standards of sufficient clarity for determining the appropriateness, and the appropriate size, of such a punitive damages award, (2) is not adequately and clearly instructed on the limits on punitive damages imposed by the principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award thereof, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status, wealth, or state or residence of the Defendant, (4) is permitted to award punitive damages under a standard for determining liability for such damages which is vague and arbitrary and does not define with sufficient clarity the conduct or mental state which makes punitive damages permissible, and (5) is not subject to trial court

and appellate judicial review for reasonableness and the furtherance of legitimate purposes on the basis of objective standards;

      b.      imposition of such punitive damages, and determination of the amount of an award thereof, where applicable state law is impermissibly vague, imprecise, or inconsistent;

      c.      imposition of such punitive damages, and determination of the amount of an award thereof, employing a burden of proof less than clear and convincing evidence;

      d.      imposition of such punitive damages, and determination of the amount of an award thereof, without bifurcating the trial and trying all punitive damages issues only if and after the liability of Defendant has been found on the merits;

      e.      imposition of such punitive damages, and determination of the amount of an award thereof, under any state's law subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount;

      f.      imposition of such punitive damages, and determination of the amount of any award thereof, based on anything other than Defendant's conduct in connection the incident alleged in this litigation, or in any other way subjecting Defendant to impermissible multiple punishment for the same alleged wrong; and/or

      g.      imposition of punitive damages by the jury as opposed to the Court, as the issues of the imposition and amount of punitive damages are matters of constitutional fact that must be determined by the Court, not the jury.

## FOR A SECOND AFFIRMATIVE DEFENSE
### (Sole, Superseding and Intervening Negligence of Others)

21.    Plaintiff's damages, if any, which this Defendant expressly denies, were due to and caused by the sole intervening and superseding negligence of others and/or other forces, over whom Defendant had no control, so as to bar the claims against Defendant.

### FOR A THIRD AFFIRMATIVE DEFENSE
### (Comparative Negligence)

22.     Plaintiff's claims, if any, are barred, or should be reduced, by Plaintiff's own contributory and comparative negligence and recklessness which combined, contributed, and concurred with any alleged negligence on the part of Defendant, if any, and which is expressly denied.

### FOR A FOURTH AFFIRMATIVE DEFENSE
### (Sole, Intervening and Superseding Negligence of Plaintiff/Others)

23.     Plaintiff's damages, if any, were due to and caused by the sole intervening and superseding negligence, willfulness, wantonness and recklessness of the Plaintiff and/or others, over whom Defendant had no control, as to bar the claims against Defendant.

### FOR A FIFTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

24.     The injuries and/or damages alleged by the Plaintiff, which are hereby specifically denied, were caused and/or aggravated by the Plaintiff's failure to mitigate.  Such a failure to mitigate is a complete bar to the Plaintiff's recovery.

### FOR A SIXTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

25.     That some or all of the claims asserted against the Defendant are barred by the applicable statute of limitations.

### FOR A SEVENTH AFFIRMATIVE DEFENSE
### (Lack of Proximate Cause)

26.     Defendant alleges that any alleged conduct or omission by Defendant was not the cause in fact or proximate cause of any injury alleged by Plaintiff.

### FOR AN EIGHTH AFFIRMATIVE DEFENSE
(Assumption of Risk)

27.     That this Defendant would show that the Plaintiff, by and through his actions and/or inactions with regard to the subject alleged in the Complaint, has assumed the risk and/or accepted all portions of any damages alleged by the Plaintiff and such assumption of risk and/or acceptance is a bar to claims against the Defendant.

### FOR A NINTH AFFIRMATIVE DEFENSE
(Good Faith and Reasonable)

28.     The Defendant acted in good faith and in a reasonable manner at all relevant times which acts as a complete defense to this action.

### FOR AN TENTH AFFIRMATIVE DEFENSE
(Open and Obvious)

29.     The condition described by the Plaintiff in the Complaint was or should have been open and obvious to the Plaintiff, and therefore, Plaintiff's claims should be dismissed.

### FOR AN ELEVENTH AFFIRMATIVE DEFENSE
(Lack of Notice)

30.     Defendant did not have actual or constructive notice of the allegedly defective condition, nor did it cause the alleged condition, therefore, Plaintiff's claims are barred.

### FOR A TWELFTH AFFIRMATIVE DEFENSE
(Set-Off)

31.     Any recovery by Plaintiff must be reduced or offset by amounts Plaintiff has received or will recover from others for same injuries and/or damages claimed in this suit.

### FOR A THIRTEENTH AFFIRMATIVE DEFENSE
(Laches, Waiver, and Estoppel)

32.     Plaintiff's claims are barred by the doctrines of laches, waiver and/or estoppel.

## FOR A FOURTEENTH AFFIRMATIVE DEFENSE
### (Proper Warning)

33. Defendant took safety precautions and gave proper warning of any foreseeable risk.

## FOR A FIFTEENTH AFFIRMATIVE DEFENSE
### (Sole Negligence)

34. That even if Plaintiff was damaged as alleged, which is denied, such damages were solely due to, resulted from, and caused by the negligence, carelessness, recklessness, willfulness, and wantonness of Plaintiff and/or third parties over which this Defendant had no control

## FOR A SIXTEENTH AFFIRMATIVE DEFENSE
### (Accident)

35. Defendant asserts that the accident, which is the subject of this litigation, was an unavoidable accident, thereby precluding the Plaintiff's claim of negligence.

## FOR A SEVENTENTH AFFIRMATIVE DEFENSE
### (Manipulation of Product)

36. After the product in question left the possession and control of this Defendant and without this Defendant's knowledge or approval, the product was redesigned, modified, altered, or subjected to treatment that substantially changed its character. Any alleged defect in the product resulted, if at all, from the redesign, modification, alteration, treatment, or other change of the product after this Defendant relinquished possession and control over the product. Such redesign, modification, alteration, treatment or other change was a superseding/intervening cause of plaintiff's injuries.

8

### FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE
### (Compliance with Standard of Care and Industry Standards)

37.     Defendant exercised that degree of skill and care required of it by law and any industry standards/customs at all times relevant to the matters complained of in Plaintiff's Complaint.

### FOR A NINETEENTH AFFIRMATIVE DEFENSE
### (No Proximate Cause)

38.     Even if Defendant L&B Transport was negligent as alleged in the Complaint, which is specifically denied, L&B Transport's negligence is not the direct or proximate cause of any injury the Plaintiffs allege, and therefore L&B Transport is not liable for any damages the Plaintiffs allegedly sustained.

### FOR A TWENTIETH AFFIRMATIVE DEFENSE
### (No Duty to Warn of the Unknowable)

39.     This Defendant had no duty to warn about possible dangers (if any) in using the product it transported which were not known at the time of transport.

### FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Last Clear Chance)

40.     Plaintiff had the last clear chance to avoid the alleged accident and is therefore barred from recovery.

### FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Superseding Intervention)

41.     If Plaintiff sustained any injuries or incurred any damages, the same were caused in whole or in part by the acts or omissions of persons other than this Defendant over whom this Defendant had and has no control, or by the superseding interventions or causes outside of control of this Defendant.

### FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE
(Idiosyncratic Reaction)

42. Plaintiff's alleged injuries and/or damages, if any, were not the result of any act or omission on the part of this Defendant, but exist by reason of operation of nature or idiosyncratic reaction, over which this Defendant had and has no control.

### FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE
(Misuse/Abuse)

43. Any injuries and damages sustained by Plaintiff were the result of the misuse and/or abuse of Defendants' product delivered by Defendant pursuant to South Carolina Code Section 15-23-20.

### FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE
(State of the Art)

44. Any and all acts performed by, and products manufactured and/or distributed by, these Defendants were at all times relevant hereto in conformity with the state of the art for the manufacture and design of such or similar products.

### FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE
(Product Not Defective or Unreasonably Dangerous)

45. The product transported by Defendant was not defective nor unreasonably dangerous and reached the Plaintiff/Defendants without change in the condition in which it was transported.

### FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE
(Change in Conditions of the Product)

46. If, after the product in question left the possession and control of this Defendant, and without this Defendant's knowledge or approval, the product was modified or altered or subjected to treatment that substantially changed its character and condition, then the alleged defect, as set forth in the Complaint, resulted from the modification, alteration or treatment or

10

other change of the product after this Defendant relinquished possession and control over it and not from any act or omission of this Defendant.

### FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE
### (Exclusivity of Workers' Compensation)

47.     Defendant would plead the exclusivity of the Workers' Compensation Doctrine as a complete bar to the Plaintiff's claims against this Defendant.

### FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE
### (Contract)

48.     Upon information and belief, language within the agreement for transport may serve as a bar to this lawsuit to the extent it contains release/waiver language which may serve as a bar to the claim.

### FOR A THIRTIETH AFFIRMATIVE DEFENSE
### (Lack of Standing)

49.     Plaintiff lacks standing to bring these causes of action against Defendant as this Defendant owes no legal duty to Plaintiff.  Therefore, this action must fail and should be dismissed as to this Defendant.

### FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE
### (Spoliation of Evidence)

50.     Plaintiff's claims are barred by the doctrine of spoliation of evidence.

### FOR A THIRTY-SECOND AFFIRMATIVE DEFENSE
### (Incorporation of Defenses Raised By Others)

51.     Defendant hereby incorporates the defenses raised by any other Defendant to the extent said defenses might be applicable to it.

## FOR A THIRTY-THIRD AFFIRMATIVE DEFENSE
### (Additional Defense)

52.     The Defendant hereby gives notice that it intends to rely upon such other affirmative defenses as may become available or apparent during the course of discovery and thus reserves the right to amend its answer to assert any such defenses.

WHEREFORE, Defendant L&B Transport, LLC, prays that this Court dismiss all claims against it with prejudice, grant it reasonable attorney's fees and costs, and for any such other and further relief this Court may deem just and proper.  Defendant demands a trial by jury.

LUZURIAGA MIMS, LLP


By:  /s/ Kevin W. Mims
Kevin W. Mims; Federal Bar No.: 07883
Randell C. Stoney III; Federal Bar No.: 12089
50 Immigration St, Suite 200
Charleston, SC  29403
(843) 410-4713
kmims@lmlawllp.com
rstoney@lmlawllp.com

*Attorneys for Defendant L&B Transport, LLC*

Charleston, South Carolina

October 3, 2016

**CERTIFICATE OF SERVICE**

I hereby certify that on the  3rd  day of   October  , 2016, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following

**Attorneys for Plaintiff**

Marlon E. Kimpson (D.S.C. Bar No. 7487)
mkimpson@motleyrice.com;
pfunderburk@motleyrice.com
William P. Tinkler (D.S.C. Bar No. 11794)
wtinkler@motleyrice.com;
lshaarda@motleyrice.com
Motley Rice LLC
28 Bridgeside Boulevard
Mt. Pleasant, C 29464

James Payne (*pro hac vice pending*)
jpayne@pulf.com
Matthew Matheny (*pro hac vice pending*)
mmatheny@pulf.com
Provost Humphrey Law Firm, LLP
490 Park Street
P.O. Box 4905
Beaumont, TX 77704

Clarence William McGee
bmcgee@gwblawfirm.com
Kyle Jason White
Kwhit4e@gwblawfirm.com;
ctowers@gwblawfirm.com

Duke Raleigh Highfield
dhighfield@ycrlaw.com; sbrennan@ycrlaw.com;
mcattles@ycrlaw.com;
checkrequest@ycrlaw.com; lhall@ycrlaw.com;
pmorris@ycrlaw.com; lruddy@ycrlaw.com;
bhorton@ycrlaw.com; tbugg@ycrlaw.com;
bsweeny@ycrlaw.com

Ashley Kutz Kelley
akelley@wcsr.com; ccerchione@wcsr.com

And I hereby certify that I will mail the documents by U.S. Mail to the following non-filing user:

By:  /s/ Kevin W. Mims
Kevin W. Mims; Federal Bar No.: 07883
Randell C. Stoney III; Federal Bar No.: 12089
50 Immigration St, Suite 200
Charleston, SC  29403
(843) 410-4713
kmims@lmlawllp.com
rstoney@lmlawllp.com

13