# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| KRISTIE ALLEN, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF BRIAN ALLEN, <br><br> PLAINTIFF, <br><br> vs. <br><br> AXEON SPECIALTY PRODUCTS, LLC; SULFIDE SYSTEM, LLC; KEMPER INDUSTRIES, INC.; DRK CHEMICAL PRODUCTS COMPANY, INC.; AKZO NOBEL FUNCTIONAL CHEMICALS, LLC; COLONIAL CHEMICAL SOLUTIONS, INC.; L&B TRANSPORT, LLC; YOUNG TRANSPORT, LLC; AND QUALITY CARRIERS, INC., <br><br> DEFENDANTS. | C.A. NO. 2:16-CV-02944-DCN <br><br><br><br> **ANSWER OF DEFENDANT QUALITY CARRIERS, INC.** <br> (JURY TRIAL REQUESTED) |

The Defendant Quality Carriers, Inc., by and through its undersigned counsel, hereby answers the Plaintiff's Complaint as follows:

1. Each and every allegation of the Plaintiff's Complaint not hereinafter expressly admitted, qualified and/or explained is denied.

2. In response to Paragraph 1 of the Plaintiff's Complaint, the Defendant admits only that, upon information and belief, there was an incident at KapStone in North Charleston on October 20, 2015. By way of further response, to the extent that Paragraph 1 of the Plaintiff's Complaint attempts to allege or does allege any cause of action, claim, act, error or omission as to the Defendant, those allegations are denied, and strict proof thereof is demanded.

3. The Defendant admits, on information and belief, the allegations contained in Paragraph 2 of the Plaintiff's Complaint.

4. The Defendant lacks sufficient information to fully respond to the allegations contained in Paragraphs 3, 4, 5, 6 and 7 of Plaintiff's Complaint. By way of further response, to the extent that Paragraphs 3, 4, 5, 6 and 7 of the Plaintiff's Complaint attempt to allege or do allege any cause of action, claim, act, error or omission as to the Defendant, those allegations are denied, and strict proof thereof is demanded.

5. Paragraph 8 of the Plaintiff's Complaint is a statement and/or conclusion of law, and the Defendant is not required to admit or deny the same. By way of further response, to the extent that Paragraph 8 of the Plaintiff's Complaint attempts to allege or does allege any cause of action, claim, act, error or omission as to the Defendant, those allegations are denied, and strict proof thereof is demanded.

6. In response to Paragraph 9 of the Plaintiff's Complaint, the Defendant admits only that, upon information and belief, there was an incident at KapStone in North Charleston on October 20, 2015. By way of further response, to the extent that Paragraph 9 of the Plaintiff's Complaint attempts to allege or does allege any cause of action, claim, act, error or omission as to the Defendant, those allegations are denied, and strict proof thereof is demanded.

7. The Defendant lacks sufficient information to fully respond to the allegations contained in Paragraphs 10, 11 and 12 of Plaintiff's Complaint. By way of further response, to the extent that Paragraphs 10, 11 and 12 of the Plaintiff's Complaint attempt to allege or do allege any cause of action, claim, act, error or omission as to the Defendant, those allegations are denied, and strict proof thereof is demanded.

8. The Defendant denies the allegations contained in Paragraph 13 of the Plaintiff's Complaint, and strict proof thereof is demanded.

9. In response to Paragraphs 14 and 15 of the Plaintiff's Complaint, the Defendant admits only that it may have transported shipments from Axeon Supply to KapStone prior to October 20, 2015. By way of further response, to the extent that Paragraphs 14 and 15 of the Plaintiff's Complaint attempt to allege or do allege any cause of action, claim, act, error or omission as to the Defendant, those allegations are denied, and strict proof thereof is demanded.

10. Paragraph 16 of the Plaintiff's Complaint is not directed to the Defendant; accordingly, no response is required. By way of further response, to the extent that Paragraph 16 of the Plaintiff's Complaint attempts to allege or does allege any cause of action, claim, act, error or omission as to the Defendant or which relates in any way to the claims or defenses of the Defendant, those allegations are denied, and strict proof thereof is demanded.

11. The Defendant denies the allegations contained in Paragraph 17 of the Plaintiff's Complaint, and strict proof thereof is demanded.

12. In response to those allegations contained in Paragraph 18 of the Plaintiff's Complaint directed to the Defendant, the Defendant denies the allegations. The remainder of Paragraph 18 of the Plaintiff's Complaint is not directed to the Defendant; accordingly, the Defendant is not required to admit or deny the same. By way of further response, to the extent that Paragraph 18 of the Plaintiff's Complaint attempts to allege or does allege any cause of action, claim, act, error or omission as to the Defendant or which relates in any way to the claims or defenses of the Defendant, those allegations are denied, and strict proof thereof is demanded.

13. The Defendant lacks sufficient information to fully respond to the allegations contained in Paragraphs 19, 20, 21, 22, 23, 24, 25 and 26 of Plaintiff's Complaint. By way of

further response, to the extent that Paragraphs 19, 20, 21, 22, 23, 24, 25 and 26 of the Plaintiff's Complaint attempt to allege or do allege any cause of action, claim, act, error or omission as to the Defendant, those allegations are denied, and strict proof thereof is demanded.

14.     Paragraphs 27, 28, 29 and 30 of the Plaintiff's Complaint are statements and/or conclusions of law, and the Defendant is not required to admit or deny the same.  By way of further response, to the extent that Paragraphs 27, 28, 29 and 30 of the Plaintiff's Complaint attempt to allege or do allege any cause of action, claim, act, error or omission as to the Defendant, those allegations are denied, and strict proof thereof is demanded.

15.     The Defendant admits, on present information and belief, the allegations contained in Paragraphs 31 and 32 of the Plaintiff's Complaint.  To the extent that Defendant is misinformed as to the same, the Defendant reserves its right to amend this response.  By way of further response, to the extent that Paragraphs 31 and 32 of the Plaintiff's Complaint attempt to allege or do allege any cause of action, claim, act, error or omission as to the Defendant, those allegations are denied, and strict proof thereof is demanded.

16.     Paragraphs 33, 34, 35, 36, 37, 38, 39 and 40 of the Plaintiff's Complaint are not directed to the Defendant; accordingly, no response is required.  By way of further response, to the extent that Paragraphs 33, 34, 35, 36, 37, 38, 39 and 40 of the Plaintiff's Complaint attempt to allege or do allege any cause of action, claim, act, error or omission as to the Defendant or which relates in any way to the claims or defenses of the Defendant, those allegations are denied, and strict proof thereof is demanded.

17.     In response to Paragraph 41 of the Plaintiff's Complaint, the Defendant admits only that it is an Illinois corporation with its principal place of business in Florida.  The remainder of Paragraph 41 of the Plaintiff's Complaint is a statement and/or conclusions of law,

and the Defendant is not required to admit or deny the same. By way of further response, to the extent that Paragraph 41 of the Plaintiff's Complaint attempts to allege or does allege any cause of action, claim, act, error or omission as to the Defendant, those allegations are denied, and strict proof thereof is demanded.

18. Paragraphs 42, 43 and 44 of the Plaintiff's Complaint are statements and/or conclusions of law, and the Defendant is not required to admit or deny the same. By way of further response, to the extent that Paragraphs 42, 43 and 44 of the Plaintiff's Complaint attempt to allege or do allege any cause of action, claim, act, error or omission as to the Defendant, those allegations are denied, and strict proof thereof is demanded.

19. In response to Paragraph 45 of the Plaintiff's Complaint, the Defendant reiterates each and every prior paragraph of this Answer as fully and completely as if set forth herein verbatim.

20. Paragraphs 46 and 47 of the Plaintiff's Complaint are statements and/or conclusions of law, and the Defendant is not required to admit or deny the same. By way of further response, to the extent that Paragraphs 46 and 47 of the Plaintiff's Complaint attempt to allege or do allege any cause of action, claim, act, error or omission as to the Defendant, those allegations are denied, and strict proof thereof is demanded.

21. The Defendant denies the allegations contained in Paragraph 48 of the Plaintiff's Complaint, and strict proof thereof is demanded.

22. Paragraphs 49, 50, 51, 52 and 53 of the Plaintiff's Complaint are statements and/or conclusions of law, and the Defendant is not required to admit or deny the same. By way of further response, to the extent that Paragraphs 49, 50, 51, 52 and 53 of the Plaintiff's

Complaint attempt to allege or do allege any cause of action, claim, act, error or omission as to the Defendant, those allegations are denied, and strict proof thereof is demanded.

23.     The Defendant denies the allegations contained in Paragraphs 54, 55, 56, 57, 58 and 59 of the Plaintiff's Complaint, and strict proof thereof is demanded.

24.     In response to Paragraph 60 of the Plaintiff's Complaint, the Defendant reiterates each and every prior paragraph of this Answer as fully and completely as if set forth herein verbatim.

25.     Paragraphs 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72 and 73 of the Plaintiff's Complaint are not directed to the Defendant; accordingly, no response is required.  By way of further response, to the extent that Paragraphs 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72 and 73 of the Plaintiff's Complaint attempt to allege or do allege any cause of action, claim, act, error or omission as to the Defendant or which relates in any way to the claims or defenses of the Defendant, those allegations are denied, and strict proof thereof is demanded.

26.     In response to Paragraph 74 of the Plaintiff's Complaint, the Defendant reiterates each and every prior paragraph of this Answer as fully and completely as if set forth herein verbatim.

27.     Paragraphs 75, 76, 77, 78, 79, 80, 81 and 82 of the Plaintiff's Complaint are not directed to the Defendant; accordingly, no response is required.  By way of further response, to the extent that Paragraphs 75, 76, 77, 78, 79, 80, 81 and 82 of the Plaintiff's Complaint attempt to allege or do allege any cause of action, claim, act, error or omission as to the Defendant or which relates in any way to the claims or defenses of the Defendant, those allegations are denied, and strict proof thereof is demanded.

28. In response to Paragraph 83 of the Plaintiff's Complaint, the Defendant reiterates each and every prior paragraph of this Answer as fully and completely as if set forth herein verbatim.

29. In response to Paragraph 84 of the Plaintiff's Complaint, the Defendant admits only that it may have transported shipments from Axeon Supply to KapStone prior to October 20, 2015. The remainder of Paragraph 84 of the Plaintiff's Complaint is not directed to the Defendant or is a statement or conclusion of law; accordingly, no response is required. By way of further response, to the extent that Paragraph 84 of the Plaintiff's Complaint attempts to allege or does allege any cause of action, claim, act, error or omission as to the Defendant or which relates in any way to the claims or defenses of the Defendant, those allegations are denied, and strict proof thereof is demanded.

30. Paragraph 85 of the Plaintiff's Complaint is a statement and/or conclusion of law, and the Defendant is not required to admit or deny the same. By way of further response, to the extent that Paragraph 85 of the Plaintiff's Complaint attempts to allege or does allege any cause of action, claim, act, error or omission as to the Defendant, those allegations are denied, and strict proof thereof is demanded.

31. The Defendant denies the allegations contained in Paragraphs 86, 87, 88, 89, 90 and 91 of the Plaintiff's Complaint, and strict proof thereof is demanded.

32. In response to Paragraph 92 of the Plaintiff's Complaint, the Defendant reiterates each and every prior paragraph of this Answer as fully and completely as if set forth herein verbatim.

33. The Defendant denies the allegations contained in Paragraphs 93, 94, 95 and 96 of the Plaintiff's Complaint, which is the remainder of the Plaintiff's Complaint, and strict proof thereof is demanded.

FURTHER ANSWERING AND FOR A FURTHER
AND AFFIRMATIVE DEFENSE
(Comparative Negligence)

34. The Defendant, on information and belief, would allege and show that any injuries and damages sustained by the Plaintiff as alleged in the Complaint, which are denied, were due to and were caused and occasioned by the Plaintiff's decedent's own acts of comparative negligence, carelessness, recklessness, heedlessness, willfulness and wantonness, which acts on the part of the decedent combined and contributed and concurred with any negligence, carelessness, recklessness, heedlessness, willfulness and wantonness on the part of the Defendant, which is denied, without which the alleged incident and resulting alleged damages would not have occurred or have been sustained, and the Defendant does plead such comparative negligence, carelessness, recklessness, heedlessness, willfulness and wantonness as the direct and proximate cause of the injuries and damages sustained by the Plaintiff as alleged in the Complaint.  Accordingly, the Defendant is entitled to a determination as to the percentage with which this comparative negligence, carelessness, recklessness, heedlessness, willfulness and wantonness contributed to this incident and the Plaintiff's alleged injuries and damages and to the reduction of any sum awarded to the Plaintiff by an amount equal to the percentage of comparatively negligent, careless, reckless, heedless, willful and wanton conduct.

<u>FURTHER ANSWERING AND FOR A FURTHER
AND AFFIRMATIVE DEFENSE</u>
(Unconstitutionality of Punitive Damages)

35. The Plaintiff's claim for punitive damages violates the Fifth, Sixth, Seventh, and Fourteenth Amendments of the Constitution of the United States in the following particulars:

    a. The Plaintiff's claim for punitive damages violates the Fifth Amendment for the following reasons:

        i) The double-jeopardy clause is violated because multiple awards of punitive damages can be imposed upon the Defendant for the same act or omission, and because an award of punitive damages can be imposed upon the Defendant, even though the Defendant was convicted or acquitted of a factually related defense in an underlying criminal proceeding; and

        ii) The self-incrimination clause is violated because Defendant can be compelled to give testimony against itself;

    b. The Plaintiff's claim for punitive damages violates the Sixth and Fourteenth Amendments because such damages may be imposed according to the lesser standard of proof applicable in civil cases, whereas punitive damages are a fine or penalty and are quasi-criminal in nature and, as such require the "beyond the reasonable doubt" standard of proof;

    c. The Plaintiff's claim for punitive damages violates the Defendant's right to access to the courts guaranteed by the Seventh and Fourteenth Amendments because the threat of an award of unlimited punitive damages chills the Defendant's exercise of that right;

    d. The Plaintiff's claim for punitive damages violates the due process and equal protection clauses of the Fourteenth Amendment for the following reasons:

        i) The standard or test for determining the requisite mental state of defendant for imposition of punitive damages is void for vagueness;

        ii) Insofar as punitive damages are not measured against actual injury to the Plaintiff and are left up to the discretion of the jury, there is no objective standard that limits the amount of such damages that may be awarded, and the amount of punitive damages that may be

                                    awarded is indeterminate at the time of Defendant's alleged egregious conduct;

          iii)        In cases involving more than one defendant, the evidence of the net worth of each is admissible, and the jury is permitted to award punitive damages in differing amounts based upon the affluence of a given defendant;

          iv)        The tests or standards for the imposition of punitive damages differ from state to state, such that a specific act or omission of a given defendant may or may not result in the imposition of punitive damages, or may result in differing amounts of punitive damages, depending upon the state in which the suit is filed, such that the defendant is denied equal protection of law; and

          v)        Punitive damages may be imposed without a requisite showing of hatred, spite, ill will or wrongful motive.

<u>FURTHER ANSWERING AND FOR A FURTHER<br>AND AFFIRMATIVE DEFENSE</u><br>(Improper Claim for Punitive Damages)

36.    Punitive damages are inappropriate in this case since the Defendant did not engage in any malicious, reckless, wrongful or intentional conduct upon which an award of punitive damages would be based.

<u>FURTHER ANSWERING AND FOR A FURTHER<br>AND AFFIRMATIVE DEFENSE</u><br>(S.C. Code Ann. 15-32-510 et. seq.)

37.    The Defendant does plead the limitations on damage awards found in S.C. Code Ann. 15-32-510 et. seq., and requests bifurcation in accordance with these code sections.

<u>FURTHER ANSWERING AND FOR A FURTHER<br>AND AFFIRMATIVE DEFENSE</u><br>(Intervening and Superseding Negligence)

38.    The Defendant would allege and show that any injuries and damages sustained by the Plaintiff as alleged in the Complaint, which are denied, were due to and were caused and occasioned by the intervening and superseding negligence, carelessness, recklessness, heedlessness,

willfulness and wantonness of some other party or parties over whom the Defendant had no supervision or control, and the Defendant does plead such intervening and superseding negligence, carelessness, recklessness, heedlessness, willfulness and wantonness as the direct and proximate cause of the injuries and damages sustained by the Plaintiff as alleged in the Complaint.

FURTHER ANSWERING AND FOR A FURTHER<br>AND AFFIRMATIVE DEFENSE<br>(No Duty to Warn of the Unknowable)

39.     The Defendant had no duty to warn about possible dangers or hazards, if any, which were not known or which were not capable of being known.

FURTHER ANSWERING AND FOR A FURTHER<br>AND AFFIRMATIVE DEFENSE<br>(Failure to State a Claim)

40.     The Defendant would allege and show that the Plaintiff's Complaint fails to state facts sufficient to constitute any cause of action against the Defendant; accordingly, the Plaintiff's Complaint should be dismissed pursuant to Rule 12, *FRCP*.

FURTHER ANSWERING AND FOR A FURTHER<br>AND AFFIRMATIVE DEFENSE<br>(Substantial Compliance)

41.     The Defendant would allege and show that it has substantially performed all requirements, contractual or otherwise, in a workmanlike manner.

FURTHER ANSWERING AND FOR A FURTHER<br>AND AFFIRMATIVE DEFENSE<br>(Assumption of the Risk)

42.     The Defendant would allege and show that the Plaintiff's claims are barred by the doctrine of assumption of the risk and/or applicable statutory law of the State of South Carolina, in that the Plaintiff's decedent was, at all times, fully aware of the alleged dangers as set forth in the Plaintiff's Complaint, and that the Plaintiff's decedent was negligent and careless in failing to take

any reasonable caution for his own safety in that he assumed the alleged risk as set forth in the Plaintiff's Complaint, and that this negligent, careless, reckless, heedless, willful and wanton assumption of the risk was the proximate cause of the Plaintiff's alleged injuries and damages as set forth in the Complaint; therefore, the Plaintiff is herein barred from recovery.

FURTHER ANSWERING AND FOR A FURTHER
AND AFFIRMATIVE DEFENSE
(Learned Intermediary)

43.     The Defendant pleads the learned intermediary doctrine as a complete defense to the Plaintiff's Complaint.

FURTHER ANSWERING AND FOR A FURTHER
AND AFFIRMATIVE DEFENSE
(State-of-the-Art)

44.     The Defendant pleads the state-of-the-art doctrine as a complete defense to the Plaintiff's Complaint.

FURTHER ANSWERING AND FOR A FURTHER
AND AFFIRMATIVE DEFENSE
(Misuse/Abuse)

45.     Any injuries and damages sustained by Plaintiff may have been or were the result of the misuse and/or abuse of the product in question. Additionally, the Plaintiff's decedent and/or other parties may have failed to use the product properly, abused the product and/or subjected it to abnormal use at the time or times and places alleged in the Complaint. Further, the product may have been used and handled contrary to the normal method of using the same, which was well known or ought to have been well known to the Plaintiff's decedent and/or other parties.

### FURTHER ANSWERING AND FOR A FURTHER
### AND AFFIRMATIVE DEFENSE
(Change in Conditions of the Product)

46. The Defendant would allege and show that if it delivered any of the product and after the product left its possession and control, the product was modified and/or altered and/or subjected to treatment that substantially changed its character and condition, then the alleged defect, as set forth in the Complaint, resulted from this modification, alteration and/or treatment and/or other change to the product.

### FURTHER ANSWERING AND FOR A FURTHER
### AND AFFIRMATIVE DEFENSE
(Acceptance)

47. The Defendant pleads acceptance as a complete defense to the Plaintiff's Complaint.

### FURTHER ANSWERING AND FOR A FURTHER
### AND AFFIRMATIVE DEFENSE
(S.C. Code Ann. Sec. 15-73-20)

48. The Defendant would allege and show that the Complaint is barred pursuant to S.C. Code Ann. Sec. 15-73-20.

### FURTHER ANSWERING AND FOR A FURTHER
### AND AFFIRMATIVE DEFENSE
(Election of Remedies)

49. The Plaintiff should be required to elect between her causes of action.

### FURTHER ANSWERING AND FOR A FURTHER
### AND AFFIRMATIVE DEFENSE
(Manufacturer Separately Warranted)

50. The product is, on information and belief, warranted separately and independently by the manufacturer(s), and any alleged defect in the product would be the sole responsibility of the manufacturer(s).

### FURTHER ANSWERING AND FOR A FURTHER
### AND AFFIRMATIVE DEFENSE
(Offset)

51. Any recovery by the Plaintiff must be reduced or offset by amounts the Plaintiff has received or will receive from others for the same injuries.

### FURTHER ANSWERING AND FOR A FURTHER
### AND AFFIRMATIVE DEFENSE
(Reliance on Other Defenses)

52. The Defendant hereby gives notice that it intends to rely upon such other affirmative defenses as may become available or apparent during the course of discovery and thus reserve the right to amend its Answer to assert any such defenses.

YOUNG CLEMENT RIVERS, LLP

By: s/Duke R. Highfield
Duke R. Highfield (FedID 5654)
Jeffrey J. Wiseman (FedID 9586)
William O. Sweeny IV (FedID 10727)
25 Calhoun Street, Suite 400
P. O. Box 993
Charleston, SC  29402
(843) 720-5456
dhighfield@ycrlaw.com
jwiseman@ycrlaw.com
bsweeny@ycrlaw.com
Attorneys for Defendant Quality Carriers, Inc.

Charleston, South Carolina

October 13,     , 2016