**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| KRISTIE ALLEN, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF BRIAN ALLEN, <br><br>Plaintiff, <br><br>vs. <br><br>AXEON SPECIALTY PRODUCTS, LLC; et al. <br><br>Defendants. | Civil Action No. 2:16-cv-02944-DCN <br><br><br><br><br><br>**[PROPOSED] ORDER APPROVING SETTLEMENT** |

This matter comes before the Court on the Verified Petition of Kristie Allen, individually and as the Personal Representative of the Estate of Brian Allen, (hereinafter "Allen"), in which Allen seeks this Court's approval of a proposed compromise settlement of any and all claims, including, but not limited to, any and all wrongful death, survival claims and loss of consortium claims asserted against Defendants Axeon Specialty Products, LLC and Axeon Refining, LLC (hereinafter "Axeon") and Sulfide Systems, LLC (hereinafter "Sulfide") (hereinafter collectively referred to as "Defendants") in the above matter. The claims asserted by Allen against Defendants in this matter relate to an explosion and fire which occurred on or about October 20, 2015 (hereinafter the "Accident") at a paper plant owned and operated by KapStone Paper and Packaging Corporation and/or KapStone Charleston Kraft, LLC (hereinafter collectively referred to as "KapStone") in North Charleston, South Carolina, which Accident resulted in injuries to, and the subsequent death of, Brian Allen.

Allen submitted her Verified Petition on October ___ 2018. A full and careful examination was made of Allen's petition and the related materials, which unequivocally evince that Allen

understood the settlement proposal as outlined her Verified Petition and that she desired for the Court to approve the settlement. Allen's petition and related also stated that she understood, upon approval of the settlement, that no persons or entities would have any further claims or causes of action of any kind against Axeon, or their insurance carriers related to the Accident, the injuries sustained by Brian Allen, or the death of Brian Allen.

Having reviewed the Verified Petition, the Proposed Settlement Agreements and Releases of All Claims, and the record in this case, the Court finds that the proposed final settlement of the claims asserted by Allen against each of the Defendants is fair, reasonable, proper, and in the best interest of both the statutory beneficiaries and the Estate of Brian Allen, deceased, and should be approved. The Court further finds that Kristie Allen was the wife, sole statutory beneficiary, and sole heir of the Estate of Brian Allen, deceased, at the time of his death and that the proposed allocation of the settlement proceeds, attorney's fees, costs, and disbursements set forth in the Verified Petition, Settlement Agreements and Releases of All Claims, and Contingency Fee Agreements is fair, reasonable, and proper. The Court also finds that there are no unresolved claims currently pending against the Estate of Brian Allen.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. That the proposed settlement with Axeon Specialty Products, LLC, Axeon Refining, LLC and Sulfide Systems, LLC, as described in the Verified Petition and the Settlement Agreements and Releases of All Claims is hereby approved.

2. That Allen is authorized to receive and disburse the settlement proceeds as described in the Verified Petition and Settlement Agreements and Releases of All Claims, including, but not limited to, the payment of attorney's fees, costs, and disbursements.

3. That Allen is authorized to immediately receive and disburse the proceeds of settlements of claims brought in this Action for Wrongful Death, under S.C. Code Ann. § 15-51-10, et. seq. (1976) and for Survival, under S.C. Code Ann. § 15-5-90, et. seq. (1976), to the extent they exceed of the amount of the lien asserted by Sentry Insurance Company described in the Verified Petition.

4. That Kristie Allen, individually and as the Personal Representative of the Estate of Brian Allen, is authorized and directed to execute the releases described in the Verified Petition.

5. That Allen shall be solely responsible for satisfying any and all liens, subrogation interests, or conditional payments of any type related to the Accident, the injuries sustained by Brian Allen, or the death of Brian Allen, including, but not limited to, workers' compensation liens, medical or health care liens, and Medicare/Medicaid liens or conditional payments.

6. That the claims asserted by Allen against Axeon Specialty Products, LLC, Axeon Refining, LLC and Sulfide Systems, LLC in this action are hereby dismissed with prejudice and that they are henceforth res judicata.

**IT IS SO ORDERED!**

_November_ , 2018
Charleston, South Carolina

The Hon. David C. Norton
United States District Judge